CONOCO INC., Petitioner,

v.

AMARILLO NATIONAL
BANK, Respondent.

No. 97–0973.

Supreme Court of Texas.

June 10, 1999.

Rehearing Overruled Aug. 26, 1999.

S. Tom Morris, Michael G. Smith, Amarillo, for petitioner.

Steven L. Hoard, Jeanette Kelley Ahlenius, Julie Ann Lawson, Amarillo, for respondent.

PER CURIAM.

Amarillo National Bank sued Conoco Inc. for alleged conversion of accounts receivable in the form of credit card proceeds that were a part of the bank's collateral under a security agreement with Centergas, Inc. Conoco defended the suit by denying that it had converted the bank's collateral and by asserting the affirmative defenses of waiver, consent, and limitations. The bank asserted the discovery rule to avoid Conoco's limitations defense. Both parties moved for summary judgment. The trial court granted partial summary judgment for the bank, concluding that Conoco had converted the bank's collateral as a matter of law. The court further ruled that a fact issue concerning the application of the discovery rule precluded summary judgment for Conoco on its limitations defense, and denied Cono-

co's motion. Conoco reurged its position at trial, moving for an instructed verdict on limitations grounds; Conoco argued that because the bank's injury was not inherently undiscoverable, the discovery rule did not apply. The trial court also denied this motion. The jury then found that the bank did not discover, or by the exercise of reasonable care should not have discovered, more than two years before suit was filed that Conoco was offsetting Centergas's credit card receivables.

Based on the earlier order granting the bank summary judgment on its conversion claim and the jury's verdict favorable to the bank on the discovery rule issue, the trial court rendered judgment for the bank. Conoco appealed from the judgment, challenging the denial of both its summary judgment and instructed verdict motions. The court of appeals reversed the judgment and remanded, concluding that the trial court erred in rendering summary judgment for the bank because the bank's motion had not addressed consent and waiver, two affirmative defenses asserted by Conoco. 950 S.W.2d 790, 794.

However, the court of appeals also concluded that the trial court did not err when it refused to find that limitations barred the bank's conversion claim as a matter of law. The court of appeals rejected Conoco's argument that the bank could have readily ascertained that Conoco was setting-off the credit card billings against the debt Centergas owed Conoco by looking at its own records and inquiring of either Centergas or Conoco. 950 S.W.2d at 797–99. Conoco now petitions for review of the court of appeals' disposition of this discovery rule issue, among other issues. We conclude that the court of appeals should have the opportunity to reconsider its ruling in light of our recent opinion in *HECI v. Neel*, 982 S.W.2d 881 (Tex.1998). Accordingly, the Court grants Conoco's petition for review, and without reference to the merits, vacates the judgment of the court of appeals and remands the case to

that court for further consideration. See TEX.R.APP. P. 59.1.